## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
CIVIL ACTION NO.:
10-10713NMG

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Robert Carp   and
Jet Set Express, Inc.
    **Plaintiffs**

v.

XL Insurance  and
David B. Ducos, and
Nationair Aviation Insurance
and W. Brown and Associates Insurance Services
**Defendants**

## PLAINTIFFS ROBERT CARP AND JET SET EXPRESS, INC. MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION TO THE MOTION TO DISMISS FILED BY DEFENDANTS XL INSURANCE AND DAVID B. DUCLOS

### INTRODUCTION

Now comes the Plaintiffs, Robert Carp and Jet Set Express, Inc., in the above-entitled action, and in Opposition to the Motion to Dismiss of the Defendants pursuant to Fed.R.Civ.P. Rule12 (b) (6) for failure to state a claim upon which relief can be granted, Rule 12(b)(2) for lack of personal jurisdiction, and Rule 12(b)(4) insufficiency of process and request this Honorable Court to dismiss their motion.

### FACTUAL BACKGROUND

1.  Plaintiff Robert H. Carp purchased insurance for his wholly owned company, Jet Set Express, Inc. for his jets and jet maintenance facility and hangar from W. Brown and Associates Insurance Services, which was replaced by Nationair Insurance Services

1

as servicer/contact for Policy Number: NAC3040130 issued to the plaintiff.   Plaintiff
Robert H. Carp filed a loss with Nationair Insurance Company upon the discovery of a
loss of a number of aircraft parts.  Plaintiff Robert H. Carp was provided a number by
Nationair Insurance for Travelers Insurance for recovery for missing equipment, and after
being told of the need to contact XL Insurance for any claims regarding aircraft parts by
the adjuster for Travelers Insurance he again contacted Nationair for the correct
procedure to begin a claim.  After having contacted Nationair on or about October 2007,
going through multiple claims adjusters and law firms claiming to represent XL
Insurance, he still had not been given any answer to whether there was coverage, or any
settlement offer. The Complaint, attached as Exhibit A, details the specific claims made
by the Plaintiffs concerning the sale of insurance to Robert Carp and Jet Set Express, Inc.,
and the subsequent loss claimed by the Plaintiff.   See Complaint, Attached as **Exhibit A.**

2.  The matter was removed to this court on or about April 28th, 2010, pursuant to
42 U.S.C. §1332.  See Notice of Removal, attached as **Exhibit B.**

3.  The Defendants, XL Insurance and David Duclos have alleged that Mr. Duclos
is the Chief Executive Officer of Insurance Operations – XL Capital Ltd..  However, XL
Insurance's web site directly contradicts this by stating the Mr. Duclos is Chief Executive
Officer of Insurance for XL Group, and "His responsibilities include the member
companies of XL Group **covering all aspects of the global insurance operations"**.
See printout of Mr. Duclos' profile, Attached as **Exhibit C**.

4.  Both Mr. Duclos and XL Insurance were served at the Defendant's corporate
offices in Wilmington, Delaware.  **Please see Exhibit D.**

5.  Mr. Carp has provided an affidavit regarding his telephone conversation with
Mr. Duclos upon his receipt of the M.G.L. Ch. 93a letter.  **Please see Exhibit E.**

## ARGUMENT

I.      **CARP AND JET SET EXPRESS, INC. MUST ONLY OFFER PRIMA
FACIE EVIDENCE OF JURISDICTION.**

In considering a motion to dismiss for lack of personal jurisdiction, the plaintiff is

generally held to a fairly low threshold. Carp and Jet Set Express, Inc. need only put forward such evidence that, if believed, would support jurisdiction. "The district court, faced with a motion to dismiss for lack of personal jurisdiction, Fed. R.Civ.P. 12(b)(2), may choose from among several methods for determining whether the plaintiff has met this burden." *Foster-Miller, Inc. v. Babcock & Wilcox Canada,* 46 F.3d 138, 145 (1st Cir. 1995); *Boit v. Gar-Tec Prods., Inc.,* 967 F.2d 671, 674-75 (1st Cir. 1992). The most conventional of these methods, known as the "prima facie" method, *Foster-Miller,* 46 F.3d at 145, "permits the district court 'to consider only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction.' " *Foster-Miller,* 46 F.3d at 145 (quoting *Boit* at 675). *See, Brookfield Mach, Inc. v. Calbrit Design,* 929 F. Supp. 491, 494 (D. Mass. 1996). The First Circuit recently confirmed this low threshold. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.,* 290 F.3d 42, 50-51 (1st Cir. 2002). As the First Circuit explained the process, "[the Court] 'must accept the plaintiffs (properly documented) evidentiary proffers as true for the purpose of determining the adequacy of the prima facie jurisdictional showing.' *Foster-Miller,* 46 F.3d at 145. We take these facts 'as true (whether or not disputed) and construe them in the light most congenial to the plaintiffs jurisdictional claim.' *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n,* 142 F.3d 26, 34 (1st Cir. 1998); *see also Sawtelle v. Farrell,* 70 F.3d 1381, 1385-86 (1st Cir. 1995).

Mr. Carp has provided both an email answering his claims from Mr. Duclos as Exhibit D, demonstrating that Mr. Duclos was concerned about the lack of support the Plaintiffs were receiving from his corporate staff, and an affidavit regarding a phone conversation with Mr. Carp. Given the "traditional notions of fair play and substantial justice" required by *United Electrical Workers v. 163 Pleasant Street Corp.*, 960F.2d 1080, 1087 (1st Cir. 1992), quoting *International Shoe Co. V. Washington*, 326 U.S. 310, 316 (1945). the minimum contact threshold is satisfied in a number of different ways. They include:

1. The minimum contacts necessary for the forum state are satisfied by Mr. Duclos, as Director of Global Operations puts himself out to the public as the corporate officer involved in "**covering all aspects of the global insurance operations**". Presumably, this would include customer care, customer contact, and if necessary, being

involved in resolving customer disputes. Mr. Duclos responsibilities, according to his profile on the Xl Insurance website include "2006 appointed Chief Operating Officer for XL Insurance companies' operations responsible for Product Line Underwriting, **Regional Management and Sales**".   The regional management and sales does not have a qualifier, as Mr. Duclos, Head of Global Operations would be responsible for **every territory**, including Massachusetts and Rhode Island.

2. As the plaintiff in this action, Carp and Jet Set Express, Inc. bears the burden of establishing sufficient facts upon which to predicate personal jurisdiction over the defendant pursuant to the Commonwealth's long-arm statute, G.L.c. 223A. **Cunningham v. Ardrox, Inc., 40 Mass. App. Ct. 279, 663 N.E.2d 577 (1996)**, citing **Tatro v. Manor Care, Inc., 416 Mass. 763, 767, 625 N.E.2d 549 (1994)**. The *prima facie* showing of personal jurisdiction must be based on evidence of specific facts set forth in the record. **Noonan v. Colour Library Books, Ltd., 947 F. Supp. 564, 568 (D.Mass. 1996)**.   In order to determine whether to exercise personal jurisdiction over Mr. Duclos, this Court must engage in a two-step analysis: (1) whether Carp and Jet Set Express, Inc's' assertion of jurisdiction is authorized by the long-arm statute, and (2) whether Mr. Duclos has the requisite minimum contacts with the Commonwealth such that the exercise of personal jurisdiction is consistent with due process requirements. The Massachusetts long-arm statute provides, in relevant part:

**223A § 3. Transactions or Conduct for Personal Jurisdiction.**

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

(a)     transacting any business in this commonwealth;

(b)     contracting to supply services or things in this commonwealth;

(c)     causing tortious injury by an act or omission in this commonwealth;

(d)     causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;

(f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting;

*See Tatro v. Manor Care, Inc.*, 625 N.E.2d 549 (1994) (asserting that Massachusetts courts should broadly construe the "transacting any business" clause of the long-arm statute, and that "any purposeful act by an individual, whether personal, private or commercial," generally satisfies the state's long-arm statues, the application of which is proper where defendant transacted business in Massachusetts and plaintiff's claim arose from the transaction of business by defendant).   In the case before the Court, Mr. Ducos transacted business in the Commonwealth, caused a tortuous injury, and contracted to insure a property or risk located within this Commonwealth at the time of contracting.

## II.   THE RULE 12(b)(6) CLAIM OF MR. DUCOS WILL FAIL BECAUSE MASSACHUSETTS COURTS APPLY LIBERAL RULES OF PLEADING.

A Rule 12(b)(6) motion is appropriate when the plaintiff has failed to plead a claim sufficiently recognizable under Massachusetts law or the applicable law (e.g., federal law) providing the right of action.   Massachusetts courts apply liberal rules of pleading, and typically, "a complaint is sufficient unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ***Eyal v. Helen Broadcasting Corp***., 411 Mass. 426, 429 (1991) (internal quotation marks omitted).   Thus, a Rule 12(b)(6) motion will be granted, "only where it appears with certainty that the nonmoving party is not entitled to relief under any combination of facts that he could prove in support of his claims." ***Sullivan v. Chief Justice***, 448 Mass. 15,21 (2006).   This is true even where the demanded relief and theory on which the plaintiff relies may be inappropriate. ***LacCava v. Lucander***, 58 Mass. App. Ct. 527, 530 (2003).   When deciding Rule 12(b)(6) motions, the court will view the allegations of the complaint as true and draw any inferences in favor of the plaintiff. ***Eyal v. Helen Broadcasting Corp***., 411 Mass. 426, 429 (1991).

In the case before the Court, Carp and Jet Set Express, Inc. have assembled allegations that must be decided before the trier of facts for justice to be served.   The requested relief and focus of the complaint is an insurance matter, and the issue is raised in the complaint as a Massachusetts Chapter 176(d) insurance violation.   The allegations are framed within the statute, and Duclos can not deny the fact that he serves as  Chief Executive Officer of Insurance for XL Group, the entity which provided insurance

coverage for Carp and Jet Set Express, Inc.

### III.  THE RULE 12(b)(4) CLAIM FOR INSUFFICIENCY OF PROCESS WILL FAIL DUE TO THE STATUTORY PROVISIONS OF THE MASSACHUSETTS LONG ARM STATUTE.

Mass. R. Civ. P. 4(c), (d)(2) covers service on nonresident defendants and incorporates the provisions pertaining to service of process set forth in the Massachusetts long-arm statute (G.L. c. 223A, § § 6-8).

(e) **Same: Personal Service outside the Commonwealth.** When any statute or law of the Commonwealth authorizes service of process outside the Commonwealth, the service shall be made by delivering a copy of the summons and of the complaint: (1) in any appropriate manner prescribed in subdivision (d) of this Rule; or (2) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction; or (3) by any form of mail addressed to the person to be served and requiring a signed receipt; or (4) as directed by the appropriate foreign authority in response to a letter rogatory; or (5) as directed by order of the court.

Mr. Duclos was served according to Section 3, "by any form of mail addressed to the person to be served and requiring a signed receipt."   Exhibit D, the Express Mail Receipt EH 938667473 US was sent to Mr. Duclos, without waiver of signature.   Please see attached **Exhibit D.**

## CONCLUSION

Based upon the foregoing, Robert Carp and Jet Set Express, Inc. respectfully request this Court to dismiss Defendants XL Specialty Insurance Company and David B. Duclos' Motion to Dismiss, or in the alternative, allow an amended complaint.


RESPECTFULLY SUBMITTED,
Jet Set Expess, Inc. and
Robert H. Carp


/s/ Robert H. Carp

_____

By their attorney:  Robert H. Carp
100 Needham Street, 2nd Floor
Newton, MA  02464
(617)861-4529
BBO No. 676732

Dated:  July 27, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2010, a true and correct copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss was filed through the ECF system and web be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, addressed as follows:

Kenneth B. Walton, Esquire
Partricia B. Gary, Esquire
Donovan Hatem LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210
*Counsel for Nationair Aviation*

Robert Kern, Esquire
Law Offices of Kern and Wooley, LLP
11100 Santa Monica Blvd. Suite 700
Los Angeles, CA 90025
*Counsel for W. Brown and Associates Insurance Services*

Gary W. Harvey, Esquire
Tory A. Weigand, Esquire
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
*Counsel for XL Insurance and David B. Ducos*

/s/ Robert H. Carp

_____

# EXHIBIT A

## COMMONWEALTH OF MASSACHUSETTS

Suffolk, SS.

SUPERIOR COURT
DEPARTMENT
CIVIL ACTION NO.:

*****************************************************

Robert Carp   and
Jet Set Express, Inc.
**Plaintiffs**

v.

XL Insurance  and
David B. Ducos, and
Nationair Aviation Insurance
and W. Brown and Associates Insurance Services
**Defendants**
*****************************************************

### COMPLAINT

### PLAINTIFF CLAIMS TRIAL BY JURY

### PARTIES

1.   The plaintiff, Robert Carp of 188 Needham Street, Suite 110R, Newton, MA is the
president and owner of Jet Set Express, Inc. of the same address.

2.   XL Insurance is an aviation insurance company with its executive offices in Wilmington
Delaware.

3.   David B. Ducos, is the Executive Vice President and Chief Executive of Insurance
Operations.of XL Insurance.

4.   W. Brown & Associates & Associates Insurance Services., of 19000 MacArthur
Boulevard, Suite 700 Irvine, CA 92612 is the issuer of the policy.

5.   Nationair Aviation Insurance is the broker replacing W. Brown and Associates, and is
located at 85 Perimeter Road, Nashua National Airport, Nashua, New Hampshire 03063.

## INTRODUCTION

Plaintiff Robert H. Carp purchased insurance for his wholly owned company, Jet Set Express, Inc. for his jets and jet maintenance facility and hangar from W. Brown and Associates Insurance Services, which was replaced by Nationair Insurance Services as servicer/contact for Policy Number: NAC3040130 issued to the plaintiff.   Plaintiff Robert H. Carp filed a loss with Nationair Insurance Company upon the discovery of a loss of a number of aircraft parts.  Plaintiff Robert H. Carp was provided a number by Nationair Insurance for Travelers Insurance for recovery for missing equipment, and after being told of the need to contact XL Insurance for any claims regarding aircraft parts by the adjuster for Travelers Insurance he again contacted Nationair for the correct procedure to begin a claim.  After having contacted Nationair on about October 2007, going through multiple claims adjusters and law firms claiming to represent XL insurance, he still has not been given any answer to whether there will be coverage, or any settlement offer.

## COUNT I

### *(Tortuous Interference with Business Relations)*

11. The plaintiff restates and incorporates by reference paragraphs 1 through 5 as if specifically set forth herein.

12. The defendant had an obligation, pursuant to the terms of the insurance policy, to pay the plaintiff its claim so it could continue to service the remaining loans on the aircraft previously owned by Jet Set Express, Inc.

13.  The defendant knew that the loss had caused Jet Set Express, Inc. and Robert Carp exposure to credit damage due to the lack of payment received from the insurer, but instead requested the same information repeatedly through different adjusters and law firms that it replaced during the investigation of the loan.

14.  The defendant unreasonably delayed answering questions and asked for multiple inventory and parts lists, and refused to acknowledge a number of parts that came off of the airplane despite being provided serial numbers.

15.  The defendant's delay in providing any sort of credible settlement offer cost Robert
Carp and Jet Set Express, Inc.damages due to the required financial burden it had to
undertake to repay the aircraft loan without compensation for its losses. .

16.  The plaintiff was sufficiently harmed by XL Insurance's claim adjusters and
attorney's delay in both answering repeated emails and phone calls which were
intentionally unanswered to avoid paying the claim in a timely fashion.


### COUNT II - Violation of M.G.L. c. 176(d) and 93(a)

17. The plaintiff restates and incorporates by reference paragraphs 1 through 16 of their
Complaint as if specifically set forth herein.

18. The conduct of the defendant, heretofore described, constitutes a violation of M.G.L.

c. 176(d) and, correspondingly, M.G.L. c. 93(a), § 11.

19. The defendant failed to respond, within 30 days, with a reasonable offer of settlement.
As a result of the unfair and deceptive conduct of the defendant, heretofore described, the
plaintiff suffered injury or loss.

20. The plaintiff violated Chapter 176D: Section 3 by :

(a)  Failing to acknowledge and act reasonably promptly upon communications with
respect to claims arising under insurance policies;

(b) Failing to adopt and implement reasonable standards for the prompt investigation of
claims arising under insurance policies;

(c) Refusing to pay claims without conducting a reasonable investigation based upon all
available information;

(d) Refusing to even provide a yes or no answer to coverage despite being asked multiple
times;

 (d) Failing to effectuate prompt, fair and equitable settlements of claims in which
liability has become reasonably clear.

WHEREFORE, the plaintiff demands judgment against the defendant for all damages

they have sustained, attorneys' fees, costs, and treble damages.

## PLAINTIFFS DEMANDS A TRIAL BY JURY

RESPECTFULLY SUBMITTED,
Jet Set Expess, Inc. and
Robert H. Carp

_____

By their attorney:  Robert H. Carp
100 Needham Street, 2nd Floor
Newton, MA  02464
(617)861-4529
BBO No. 676732

Dated:  March 30, 2010

# EXHIBIT B

Case 1:10-cv-10713-NMG   Document 10   Filed 07/27/10   Page 15 of 24
Case 1:10-cv-10713-NMG   Document 9-2   Filed 05/17/10   Page 2 of 5
Case 1:10-cv-10713-NMG   Document 1   Filed 04/28/10   Page 1 of 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROBERT CARP and JET SET EXPRESS, INC. Plaintiffs, | ) ) ) ) ) | |
| v. | ) ) | DOCKET NO: 10-10713 |
| XL INSURANCE and DAVID B. DUCOS and NATIONAIR AVIATION INSURANCE and W. BROWN AND ASSOCIATES INSURANCE SERVICES, Defendants. | ) ) ) ) ) ) | |

## NOTICE OF REMOVAL
*(Assented-To)*

Defendants, XL Insurance and David B. Duclos ("defendants")[1], with the assent of co-defendants W. Brown and Associates Insurance Services and Nationair Aviation, hereby petition this Court that the above-entitled action, now pending against it in the Suffolk County Superior Court, Civil Action No. 2010-1315, be removed therefrom to this Court under 28 U.S.C. § 1332. In support of this removal request, defendants state as follows:

1.  Defendants, XL Insurance and David B. Duclos, received a copy of the Complaint, Civil Action Cover Sheet and Summons in this action which was filed on or about April 2, 2010. This Notice of Removal is thus being filed within thirty days of both filing and any service.

2.  There exists complete diversity between the named parties to this action.

3.  Plaintiffs are both an individual and a corporation respectfully who are a Massachusetts resident and Massachusetts incorporated corporation respectively.

---

[1] The plaintiff has incorrectly spelled Mr. Duclos' name in his Complaint. The correct spelling is Duclos, not Ducos.

1241403v1

1

Case 1:10-cv-10713-NMG   Document 10   Filed 07/27/10   Page 16 of 24
Case 1:10-cv-10713-NMG   Document 9-2   Filed 05/17/10   Page 3 of 5
Case 1:10-cv-10713-NMG   Document 1   Filed 04/28/10   Page 2 of 4

4.   None of the named defendants are either Massachusetts residents or corporations which are incorporated or which have a principal place of business in Massachusetts. Defendant, XL Insurance, at the commencement of this suit, was and has since continued to be a Delaware corporation having its principal place of business in New York while defendant David Duclos is domiciled in Bermuda.

5.   Not only is there diversity between the parties, but plaintiffs are seeking in excess of $75,000.00.

6.   Jurisdiction exists over this removed action pursuant to 42 U.S.C. § 1441, because this action could originally have been filed in this Court, pursuant to 28 U.S.C. §1332(a)(1), on the basis that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.

7.   Pursuant to 28 U.S.C. §§ 101 and 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal of the state court action which was commenced in Suffolk County Superior Court.

8.   A notice of filing of this notice of removal and a true copy of this notice of removal, will be filed with the Clerk of the Suffolk Superior Court Department of the Trial Court of the Commonwealth of Massachusetts as required by 28 U.S.C. §1446(d).

9.   Within thirty (30) days of filing of this Notice of Removal, defendants shall file certified or attested copies of all records and proceedings in the Suffolk County Superior Court and a certified or attested copy of all docket entries in the Suffolk County Superior Court pursuant to L.R. 81.8 of this Court.

1241403v1

Case 1:10-cv-10713-NMG   Document 10   Filed 07/27/10   Page 17 of 24
Case 1:10-cv-10713-NMG   Document 9-2   Filed 05/17/10   Page 4 of 5
Case 1:10-cv-10713-NMG   Document 1   Filed 04/28/10   Page 3 of 4

WHEREFORE, defendants, XL Insurance and David B. Duclos, with the assent of co-defendants W. Brown and Associates Insurance Services and Nationair Aviation, pray that said action pending in the Suffolk Superior Court Department of the Trial Court of the Commonwealth of Massachusetts be removed therefrom to the United States District Court for the District of Massachusetts.

> Respectfully Submitted
> The Defendants,
> XL INSURANCE and DAVID B. DUCLOS
> By their attorneys,
>
> /s/ Tory A. Weigand
> _____
> Gary W. Harvey, BBO #547993
> Tory A. Weigand, BBO #548553
> MORRISON MAHONEY LLP
> 250 Summer Street
> Boston, MA 02210-1181
> (617) 439-7500

Dated:  April 28, 2010

Assented-To
The Defendant
NATIONAIR AVIATION

/s/ Kenneth Walton (taw)
_____
Kenneth B. Walton, BBO #562174
Donovan Hatem LLP
World Trade Center East
Two Seaport Lane
Boston, MA 02210
(617) 406-4524 (direct)

Assented-To
The Defendant
W. BROWN AND ASSOCIATES
INSURANCE SERVICES

/s/ Robert Kern (taw)
_____
Robert Kern, Esquire
Law Offices Of Kern And Wooley LLP
11100 Santa Monica Blvd., Suite 700
Los Angeles, CA 90025
(310) 824-1777

3

1241403v1

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2010, a true and correct copy of the foregoing Notice of

Removal filed through the ECF system will be sent electronically to the registered participants as

identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those

indicated as non-registered participants, addressed as follows:

> Robert H. Carp, Esquire
> 100 Needham Street, 2nd Floor
> Newton, MA  02464
> *Counsel for plaintiff*
>
> Kenneth B. Walton, Esquire
> Donovan Hatem LLP
> World Trade Center East
> Two Seaport Lane
> Boston, MA  02210
> *Counsel for Nationair Aviation*
>
> Robert Kern, Esquire
> Law Offices Of Kern And Wooley LLP
> 11100 Santa Monica Blvd., Suite 700
> Los Angeles, CA 90025
> *Counsel for W. Brown and Associates Insurance Services*

/s/ Tory A. Weigand

_____

Tory A. Weigand

4

1241403v1

# EXHIBIT C



Home | Careers | Sitemap                     Global Offices | xlgroup.com

**XL** INSURANCE

Select related product site   GO    Select extranet service   GO

ABOUT US | PRODUCTS & SERVICES | INDUSTRY SOLUTIONS | MIDDLE MARKET | MEDIA & RESOURCES | CONTACT US

**ABOUT US**

XL Insurance Overview

Ratings ⇨

Global Organization

Senior Management Team

**The expertise to craft intelligent risk solutions.** You can feel secure in the expertise of our highly-skilled underwriters, who can help you manage a range of risks and exposures with comprehensive insurance products and services.

**ABOUT US**



XL Insurance's expertise and customer focus drive our ability to deliver intelligent risk management solutions to our clients. While we all face many risks – both old and new – in today's markets, XL Insurance is committed to working with our customers to minimize these risks and ensure their success
*Dave Duclos, Chief Executive, Insurance Operations*

**WHY XL INSURANCE?**

You can feel secure in the strong financial security and claims-paying ability of the XL Insurance companies.

› **Ratings** ⇨
› **Financial Reports** ⇨
› **XL Insurance Overview**

**XL INSURANCE COMPANIES**

Our strength and expertise set us apart as we strive to offer intelligent risk solutions on a global basis delivered with integrity.

› **Global Organization**
› **Executive Management Board**

**RESOURCES**

Marine & Offshore Energy - secure online cargo certificate issuance
Excess & Surplus (Broker Secure Access)
Design Professional Agency Services - secure application processing and access to educational, marketing and communication materials
XL GAPS & MyAnalysis- our secure, state-of-the-art online loss prevention reporting tool

Copyright 1996-2010 XL Group plc. All rights reserved | Legal Notices | Privacy | Citizenship | Sitemap | Feedback

Home | Careers | Sitemap · · · · · · Global Offices | xlgroup.com

**XL INSURANCE**

Select related product site [ GO ] · Select extranet service [ GO ]

ABOUT US | PRODUCTS & SERVICES | INDUSTRY SOLUTIONS | MIDDLE MARKET | MEDIA & RESOURCES | CONTACT US

ABOUT US

XL Insurance Overview · · Home > About Us > Senior Management Team >

Ratings ▷

Global Organization · · **David Duclos**

Senior Management Team



**Executive Vice President, Chief Executive of Insurance Operations and Member of the Executive Management Board of XL Group**

✉ david.duclos@xlgroup.com

Dave was appointed Chief Executive of Insurance Operations for XL Group in 2008. His responsibilities include the member companies of XL Group covering all aspects of the global insurance operations.

Joining the XL Insurance companies in 2003 as Senior Vice President, Dave assumed responsibility for US Program operations. He served as Executive Vice President of Global Specialty business before his appointment to the Chief Operating Officer position in 2006.

Prior to joining XL Group, Dave worked for over three years at Kemper Insurance Company in various senior level positions. Dave began his career with 21 years at CIGNA Corporation, which included a variety of regional and national management roles in the field and home office. He has over 28 years of experience in the insurance industry.

Dave holds a Bachelor of Science degree in Business Administration from Eastern Illinois University and has completed the Advanced Insurance Executive Education Program at the Wharton School of the University of Pennsylvania.

RELATED LINKS

Global Offices ▷
Our Culture ▷
Vision & Mission ▷

Copyright 1996-2010 XL Group plc. All rights reserved | Legal Notices | Privacy | Citizenship | Sitemap | Feedback

# EXHIBIT D

# EXHIBIT E

**COMMONWEALTH OF MASSACHUSETTS**

Suffolk, SS.                                              SUPERIOR COURT
                                                         DEPARTMENT
                                                         CIVIL ACTION NO.:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Robert Carp   and
Jet Set Express, Inc.
     **Plaintiffs**

v.

XL Insurance  and
David B. Ducos, and
Nationair Aviation Insurance
and W. Brown and Associates Insurance Services
     **Defendants**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### <u>AFFIDAVIT OF ROBERT H. CARP REGARDING</u>
### <u>TELEPHONE CONVERSATION WITH DAVID DUCLOS</u>

I, Robert H. Carp, plaintiff in the above captioned case, had a telephonic conversation with Mr. Duclos concerning the lack of response from XL Insurance. To the best of my recollection, Mr. Duclos apologized for the number of times the claim had been moved to different adjusters, and different counsel, and affirmed that he would become personally involved and see to it that it reached the correct hands for handling the specifics of the claim.

Signed under the pains of perjury July 27, 2010.

RESPECTFULLY SUBMITTED,
Jet Set Expess, Inc. and
Robert H. Carp


_____
By their attorney:  Robert H. Carp
100 Needham Street, 2nd Floor
Newton, MA  02464
(617)861-4529
BBO No. 676732

Dated:  July 27, 2010