United States District Court
District of Massachusetts

```
_____
                              )
ROBERT CARP and JET SET EXPRESS,)
INC.,                         )
        Plaintiffs,           )
                              )   Civil Action No.
        v.                    )   10-10713-NMG
                              )
XL INSURANCE, DAVID B. DUCLOS, )
NATIONAIR AVIATION INSURANCE, )
and W. BROWN & ASSOCIATES     )
INSURANCE SERVICES,           )
        Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiffs Robert H. Carp ("Carp") and Jet Set Express, Inc. ("Jet Set") bring this action against defendants XL Specialty Insurance Company ("XL Insurance"), David B. Duclos ("Duclos"), W. Brown and Associates Insurance Services ("W. Brown") and Nationair Aviation Insurance ("Nationair"), alleging tortious interference with business relations and violations of M.G.L. c. 93A, § 11 and c. 176D, § 3. Before the Court is the motion of XL Insurance to dismiss.[1]

**I.  Factual Background**

The following facts are as alleged in the plaintiffs' complaint.  Carp purchased insurance for his wholly owned

---

[1] The plaintiffs have misspelled Duclos' name in the complaint and caption as "Ducos" and the caption on all relevant pleadings in the future should be amended to so reflect.

-1-

company, Jet Set, for his jets and related facilities from W. Brown, the issuer of the policy, through a broker, Nationair, in October, 2007. Jet Set is a jet charter, maintenance and repair company. Upon the discovery of a loss of a number of aircraft parts, Carp filed a claim with Nationair. He was told to contact XL Insurance, to which the policy had apparently been assigned. After contacting multiple claims adjusters and law firms claiming to represent XL Insurance, the plaintiffs remained unable to determine whether they had insurance coverage or not. The plaintiffs claim that they have suffered $300,000 in monetary damages due to the delay in recovering compensation for their losses because they had to pay off an aircraft loan without compensation.

The plaintiffs filed their complaint on March 31, 2010 in the Massachusetts Superior Court Department for Suffolk County. The case was removed by the defendants to federal court on April 28, 2010. On May 17, 2010, the defendants moved to dismiss the action for 1) lack of personal jurisdiction as to defendant Duclos, pursuant to Fed. R. Civ. P. 12(b)(2), 2) insufficiency of process as to defendant Duclos, pursuant to Fed. R. Civ. P. 12(b)(5) and 3) failure to state a claim upon which relief can be granted as to defendants XL Insurance and Duclos, pursuant to Fed. R. Civ. P. 12(b)(6).

On December 2, 2010, the Court heard oral argument on the

motion. At that hearing, counsel for Nationair orally moved for a more definite statement, arguing that the complaint does not provide sufficient factual allegations to enable it to respond and does not adequately differentiate among the various defendants.

**II. Analysis**

    **A.    Personal Jurisdiction Over Duclos**

        **1.    Standard**

On a motion to dismiss for want of personal jurisdiction, the plaintiff bears of the burden of demonstrating that jurisdiction is 1) statutorily authorized and 2) consistent with the Due Process Clause of the United States Constitution. Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 9 (1st Cir. 2009). The most common approach courts take for determining whether the plaintiff has met his or her burden is the "prima facie evidentiary standard". Adelson v. Hananel, 550 F.3d 43, 48 (1st Cir. 2007). Under that standard, a court considers "whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Id. The Court accepts properly supported proffers of evidence by the plaintiff as true and considers facts put forward by the defendant to the extent that they are uncontradicted by the plaintiff. Newman v. European Aeronautic Defence & Space Co. Eads N.V., 700 F. Supp. 2d 156, 159 (D. Mass.

2010).

Because the Massachusetts long-arm statute reaches to the full extent that the Constitution allows, the Court may proceed directly to the Constitutional analysis. See Sawtelle v. Farrell, 70 F.3d 1381, 1388 (1st Cir. 1995); Tatro v. Manor Care, Inc., 625 N.E.2d 549, 553 (Mass. 1994). Due Process requires that the defendants have "minimum contacts" with the forum state such that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

A court may exercise either general or specific personal jurisdiction over an out-of-state defendant. Angela Adams Licensing, LCC v. Dynamic Rugs, Inc., 463 F. Supp. 2d 82, 84 (D. Me. 2006). General jurisdiction exists when the defendant has engaged in "continuous and systematic activity," unrelated to the suit, in the forum state. Pritzker v. Yari, 42 F.3d 53, 60 (1st Cir. 1994). Specific jurisdiction exists where the plaintiff's cause of action arises from or relates to the defendant's contacts with the forum state. Id.

### 2. Application

Duclos is the Executive Vice President and Chief Executive of Insurance Operations for XL Insurance. Even if the Court has jurisdiction over XL Insurance, however, "jurisdiction over the individual officers of a corporation may not be based merely on

jurisdiction over the corporation." Escude Cruz v. Ortho Pharm. Corp., 619 F.2d 902, 906 (1st Cir. 1980). There must be an independent basis for jurisdiction over Duclos. Id. Conversely, Massachusetts courts have declined to rule that employees who act solely in their official capacity are absolutely shielded from suit in their individual capacity (the so-called "fiduciary shield doctrine"). M-R Logistics, LLC v. Riverside Rail, LLC, 537 F. Supp. 2d 269, 280 (D. Mass. 2008). Instead, more than mere participation in corporate affairs is required. Id. The Court must inquire whether, under general principles of agency law, the officer or employee derived personal benefit from his/her contacts in Massachusetts and/or acted beyond the scope of his/her employment. Id.; LaVallee v. Parrot-Ice Drink Prods. of Am., Inc., 193 F. Supp. 2d 296, 302 (D. Mass. 2002) (finding no personal jurisdiction over the employee of a corporation because the employee "did not act in the forum to serve his personal interests, but rather acted solely as an agent of [his employer]".

Here, the Court finds that it does not have personal jurisdiction over Duclos because his only contact with the plaintiffs was his reply to Carp's email and an alleged telephone conversation with Carp. Those contacts were clearly made within the scope of Duclos' employment at XL Insurance and there is no allegation that he derived personal benefit from his dealings

with Carp. Thus, the plaintiffs' claims against Duclos will be dismissed for lack of personal jurisdiction.

### B. Insufficiency of Process

Because the Court finds that it does not have personal jurisdiction over Duclos, it will not address whether Duclos was properly served with process.

### C. Failure to State a Claim

The defendants maintain that Carp has failed to state a claim upon which relief can be granted against Duclos and XL Insurance. Because the Court lacks personal jurisdiction over Duclos, it will analyze the Fed. R. Civ. P. 12(b)(6) motion only with respect to XL Insurance.

#### 1. Motion to Dismiss Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000) aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all

reasonable inferences in the plaintiff's favor.  Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied.  See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not, however, applicable to legal conclusions.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Threadbare recitals of the legal elements, supported by mere conclusory statements, do not suffice to state a cause of action.  Id.  Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct.  Id. at 1950.

### 2. Application

In order to prevail on a claim for tortious interference with business relations, a plaintiff must show that 1) he or she has a contractual or advantageous relationship with another, 2) the defendant knowingly induced a breach of that contract or relationship, 3) the defendant's interference, in addition to being intentional, was improper in "motive" or "means" and 4) the plaintiff was harmed by the defendant's actions.  Cancellieri v. Northeast Hosp. Corp., No. CIVA 07-01659C, 2009 WL 765060, at *5 (Mass. Super. Mar. 20, 2009).

To the extent that the plaintiffs' complaint is based on some alleged interference with their contract with XL Insurance, the plaintiffs have failed to state a claim because a party cannot be held liable for intentional interference with its own contract. Harrison v. NetCentric Corp., 744 N.E. 2d 622, 632 (Mass. 2001).

To the extent that the plaintiffs claim that XL Insurance's actions interfered with their banking arrangement or loan obligation, or that they violated M.G.L. c. 176D, the complaint is also defective. That is because the plaintiffs have not provided sufficient factual detail nor adequately differentiated among the various defendants to enable XL Insurance, or the other corporate defendants, to respond. Plaintiffs' allegations amount to overly broad conclusions in which they refer to the defendants as a group, rather than individually. Furthermore, the plaintiffs do not adequately allege how the defendants' actions caused them harm. Such broad and imprecise allegations are not sufficient to survive a motion to dismiss. See Ashcroft, 129 S. Ct. at 1950.

Thus, the defendants' motion to dismiss will be allowed and the complaint will be dismissed without prejudice. The Court will, in the interest of justice, allow the plaintiffs to amend their complaint if they do so promptly.

**ORDER**

In accordance with the foregoing, the defendants' motion to dismiss (Docket No. 8) is,

1) with respect to the claims against David Duclos, **ALLOWED**; and those claims are **DISMISSED** with prejudice;

2) with respect to the claims against the corporate defendants, **ALLOWED**; and those claims are **DISMISSED** without prejudice. Plaintiffs may file an amended complaint on or before December 17, 2010, to which defendants may file responsive pleadings on or before January 7, 2011; and

3) Nationair's oral motion for a more definite statement is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 3, 2010